* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Griffin with minor modifications.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 2 
1. On February 3, 2006, plaintiff filed a Form 33 Request that Claim be Assigned for Hearing requesting workers' compensation benefits for an alleged injury to the left hand and wrist occurring on December 20, 2005 while employed by defendant-employer.
2. On May 22, 2006, defendants filed a Form 33 Response to Request that Claim be Assigned for Hearing. Subsequently, the matter was calendared before Deputy Commissioner Robert J. Harris for a full evidentiary hearing on July 13, 2006 in Raleigh, North Carolina. Plaintiff was neither present nor represented by counsel. At the call of the case for hearing before Deputy Commissioner Harris, defendants moved to dismiss plaintiff's claim for failure to prosecute. The matter was continued and the motion to dismiss was set before Deputy Commissioner Griffin on October 25, 2006 in Durham, North Carolina.
3. A copy of the hearing calendar for the hearing scheduled for October 25, 2006 was forwarded to plaintiff via certified mail, return receipt requested. The certified mail was accepted and signed for at the address of 6551 Benthrope Road, Oxford, North Carolina, 27565 on August 23, 2006 at 12:46 p.m.
4. The Full Commission finds that plaintiff received notice of the hearing of the motion to dismiss her claim scheduled for October 25, 2006.
5. On October 25, 2006, defendants' motion to dismiss plaintiff's claim was heard before Deputy Commissioner Griffin. Plaintiff failed to appear or to object to the motion to dismiss her claim.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following: *Page 3 
 CONCLUSIONS OF LAW
1. Workers' Compensation Rule 613(1)(c) provides, "[u]pon proper notice and an opportunity to be heard, any claim may be dismissed with or without prejudice by the Industrial Commission on its own motion or by a motion of any party for failure to prosecute or to comply with these Rules or any Order of the Commission."
2. Plaintiff has failed to prosecute her claim and has failed to comply with the Industrial Commission Rules and Orders and has acted in a manner that is inconsistent with any intent to pursue her claim before the Industrial Commission.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim is DISMISSED WITH PREJUDICE.
This the 8th day of May, 2007.
 S/_________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_________________ BERNADINE S. BALLANCE COMMISSIONER *Page 4 
 S/_________________ PAMELA T. YOUNG COMMISSIONER *Page 1